IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA M. MELAN, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Civ. No. 2:14-cv-01445 |
| BELLE VERNON AREA SCHOOL DISTRICT, | ) ) Judge Maurice B. Cohill, Jr. ) ) |
| Defendant | ) ) |

## OPINION AND ORDER

Pending before the Court is Belle Vernon Area School District's ("District") Motion for Summary Judgment [ECF No. 19] pursuant to Rule 56 of the Federal Rules of Civil Procedure and L.R. 56.1 of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania.

On March 17, 2015, Mrs. Melan filed an Amended Complaint in this action, seeking lost wages and other appropriate damages as a result of alleged age and disability related employment discrimination. More particularly, Mrs. Melan alleges that she was forced to retire from her job as a teacher in the District due to her age and/or disability status.

On May 8, 2015, the District filed its Answer to Amended Complaint, generally denying the allegations contained in the Amended Complaint. After a disputed matter of law halted court-ordered mediation proceedings, the parties filed a Joint Motion for Entry of Modified Case Management Order, agreeing that the District should file a motion for summary judgment "on the legal significance of the agreement entered into by the Parties to resolve a union grievance." Joint Motion, ¶ 2. Once the Joint Motion was granted, the District filed its Motion for Summary Judgment on May 28, 2015, claiming that there are no genuine issues as to any material fact, and

1

Defendant is entitled to judgment as a matter of law. For the reasons set forth below, the District's Motion for Summary Judgment is denied. Defendant is not entitled to judgment as a matter of law at this point in the proceedings.

**I. Standard of Review.**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The parties must support their respective position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In other words, summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505 (1986).

In reviewing the evidence, the court draws all reasonable inferences in favor of the non-moving party. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Huston v. Procter & Gamble Paper Prod. Corp., 568 F.3d 100, 104 (3d Cir. 2009) (citations omitted). It is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations. See Anderson, 477 U.S. at 255; Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004); Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 247-48. An

issue is "genuine" if a reasonable jury could possibly hold in the non-movant's favor with regard to that issue. See id. "Where the record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587; Huston, 568 F.3d at 104.

**II. Relevant Facts.**

Mrs. Melan was employed as an elementary school teacher in the District from in or about October 1973 until she resigned in June 2014. In or about November 2012, because of medical conditions, Mrs. Melan took a medical leave of absence from her teaching position. She returned to work in August 2013. Mrs. Melan alleges that soon thereafter, on or about September 30, 2013, the District conducted a performance evaluation of Plaintiff, the result of which was that she was given an "unsatisfactory" rating. Furthermore, Mrs. Melan alleges that she was told that she had to comply with an improvement plan or she would be forced to retire or would be fired in March 2014.

Mrs. Melan sought assistance from her union, the Pennsylvania State Education Association. On or about October 7, 2013, the Union then filed a grievance with the District with respect to the unsatisfactory rating the District issued Mrs. Melan on or about September 30, 2013. The grievance process was started but not completed because the parties and the Union executed a Settlement Agreement. Under the Settlement Agreement, the District agreed to rescind the unsatisfactory rating, to remove the improvement plan it had imposed on Mrs. Melan, and not to impose any additional improvement plans on her for the remainder of the 2013-2014 school year. Under the Settlement Agreement, the union agreed to withdraw the grievance filed on Mrs. Melan's behalf. Under the Settlement Agreement, Mrs. Melan agreed to submit an irrevocable letter of retirement to the District, with an effective date of June 30, 2014. The

3

Agreement also provided that it "shall be enforceable through the grievance procedure in the parties' collective bargaining agreement. Any disagreement over the interpretation or application of this Agreement shall be subject to the grievance procedure set forth in the parties' collective bargaining agreement." Finally, the parties agreed in the Settlement Agreement that they "acknowledge that they understand this Agreement and enter into it voluntarily, that this is a complete settlement agreement, and that there are no written or oral understandings or agreements that are not set forth herein."

**III. Parties' Arguments.**

In its Motion for Summary Judgement, Defendant contends:

> The District is entitled to judgment as a matter of law based upon the fact that Plaintiff, along with her legal representatives, negotiated, drafted, and executed a Settlement and Release Agreement with the District which describes the circumstances surrounding Plaintiff's election to retire from the District as "knowing and voluntary." These same circumstances now give rise to Plaintiff's claims of discrimination and "forced resignation."

Motion for Summary Judgment, ¶ 2. In support thereof, the District argues in its Supporting Brief:

> in direct contravention of the terms of the Agreement, Plaintiff has now filed suit against the District claiming that her retirement was compelled, rather than voluntary, and that it was prompted by alleged discrimination based upon her age and perceived disability. Based upon the language of the Agreement as drafted and executed by Plaintiff and her legal counsel, Plaintiff's discrimination claims should be dismissed, and summary judgment should be granted in favor of the District. Additionally, summary judgment should be granted in favor of the District because Plaintiff's claims arise out of the terms of the Agreement, and the Agreement makes clear that disputes regarding its terms are to be pursued only through the grievance process, and not through a lawsuit like the one filed by Plaintiff.

Supporting Brief, pp. 3-4.

4

In response, Plaintiff contends:

> The District now argues that Ms. Melan released her claims against the District in a prior settlement agreement. Yet that agreement included no release whatsoever, let alone any release related to the discrimination claims that Ms. Melan advances in this litigation.
>
> . . .
>
> The District also seeks to compel Ms. Melan to prosecute her statutory discrimination claims through a contractual grievance process rather than in litigation. Once again, however, the District's arguments come up short. The settlement agreement requires Ms. Melan to use the grievance process to resolve any disagreement over the "interpretation or application" of the settlement agreement. The validity of Ms. Melan's discrimination claims does not turn on the interpretation of the settlement agreement, nor did Mr. Melan expressly agree to use the grievance process to litigate her statutory discrimination claims. Accordingly, Ms. Melan is entitled to litigate those claims in this court.

Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, p. 1.

The District further argues in its Reply Brief:

> all statutes relied upon by Plaintiff in the case require a showing that Plaintiff suffered an adverse employment action in order to establish a *prima facie* case of discrimination. Plaintiff has failed to meet this burden, as she has not established that she suffered any adverse employment action for which she has not previously received redress through the grievance process.
>
> . . .
>
> Plaintiff voluntarily retired from the District. She has acknowledged as much in clear, unambiguous terms in a legal document, which she signed after having availed herself of the advice of legal counsel. While the Settlement Agreement itself does not explicitly release employment discrimination claims, it does bar Plaintiff from arguing that her retirement is anything other than what she said that it was: voluntary. Because she has failed to allege any conduct on the part of the District that would permit an inference of constructive discharge, Plaintiff is left without an adverse employment action upon which to form the basis of a *prima facie* employment discrimination case. No reasonable trier of fact would be permitted to disregard Plaintiff's representations within the Agreement. Thus, the case should not be submitted to a jury, and the District is entitled to judgment as a matter of law.

Reply Brief, p. 3.

In response, Plaintiff argues that this argument should not be considered by this Court because this contention is outside the scope of the issue the parties agreed to bring before this Court by way of a motion for summary judgment, the argument is being raised for the first time in a reply brief, and it is premature prior to the parties conducting fact discovery. Plaintiff's Sur-Reply in Further Opposition to Defendant's Motion for Summary Judgment, pp. 2-3.

**IV. Legal Analysis.**

<u>A. Whether Plaintiff waived her ADEA claim.</u>

The Older Workers Benefit Protection Act of 1990 (OWBPA"), 29 U.S.C. § 626, amended the ADEA to ensure that waiver of ADEA rights is knowing and voluntary. Specifically, 29 U.S.C. § 626(f)(1) states that an employee "may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary." <u>Id</u>. The OWPBA then provides standards for what constitutes a knowing and voluntary waiver:

(1) . . . Except as provided in paragraph (2) [which not applicable in this case], a waiver may not be considered knowing and voluntary unless at a minimum—

(A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate;

(B) the waiver specifically refers to rights or claims arising under this chapter;

(C) the individual does not waive rights or claims that may arise after the date the waiver is executed;

(D) the individual waives rights or claims only in exchange for consideration in addition to anything of value to which the individual already is entitled;

(E) the individual is advised in writing to consult with an attorney prior to executing the agreement;

29 U.S.C.A. § 626 (West). Moreover, in Oubre v. Entergy Operations, Inc., 522 U.S. 422 (1998), the Supreme Court held that a purported waiver must comply with the "stringent safeguards" of section 626(f) in order to be effective. Id. at 427-28. Moreover, "the party asserting the validity of a waiver shall have the burden of proving in a court of competent jurisdiction that a waiver was knowing and voluntary...." 29 U.S.C. § 626(f)(3).

Upon review of the Settlement Agreement, the Court finds that the document does not contain any language that can be construed to be a waiver of Mrs. Melan's rights under the ADEA. Defendant's Motion for Summary Judgment on Plaintiff's ADEA claim based upon the contention that Plaintiff's Settlement Agreement with the District precludes her ADEA claim is denied.

B. Whether Plaintiff waived her remaining federal and state discrimination claims.

A plaintiff may waive federal statutory rights via a release agreement if the plaintiff entered in to the release agreement knowingly and voluntarily.

Upon review of the Settlement Agreement, we find that the document does not contain any language that can be construed to be a waiver of any of Mrs. Melan's remaining federal and state law discrimination claims. Defendant's Motion for Summary Judgment on Plaintiff's discrimination claims based upon the contention that Plaintiff's Settlement Agreement with the District precludes these claims is denied.

C. Whether Plaintiff must adjudicate her discrimination claims through the grievance process procedure set forth in the collective bargaining agreement entered into by the District and Plaintiff's union:

The provision of the Settlement Agreement upon which the District relies in support of its argument that Plaintiff's discrimination claims must be decided through the grievance process procedure set forth in the collective bargaining agreement entered into between the District and

the Union, and not by this Court, reads: "This Agreement shall be enforceable through the grievance procedure in the parties' collective bargaining agreement. Any disagreement over the interpretation or application of this Agreement shall be subject to the grievance procedure set forth in the parties' collective bargaining agreement." Settlement Agreement, ¶ 9.

An agreement that clearly and unmistakably requires the parties to litigate their discrimination claims outside of a judicial forum is enforceable as a matter of law. See, for example, 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 274 (2009) ("We hold that a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law). Upon review of the Settlement Agreement, the Court finds that the Settlement Agreement makes no reference to the preclusion of this forum for the adjudication of Plaintiff's discrimination claims. As such, Plaintiff is not precluded by the terms of the Settlement Agreement from litigating her federal and state law discrimination claims in this Court. Defendant's Motion for Summary Judgment is denied to the extent it is premised on the argument that Plaintiff's discrimination claims arise out of the terms of the Settlement Agreement and the Agreement makes clear that disputes regarding its terms are to be pursued only through the grievance process.

D. Whether or not Plaintiff can establish a *prima facie* employment discrimination case:

As stated, in its Reply Brief, the District argues that it is entitled to judgment as a matter of law because Plaintiff has not and cannot establish that she suffered an adverse employment action and therefore, cannot establish a *prima facie* case of discrimination: "[n]o reasonable trier of fact would be permitted to disregard Plaintiff's representations within the Agreement." Reply Brief, p. 3.

We find that Defendant's argument is premature at this point in the litigation. Defendant is free to raise this argument again once discovery has concluded in this matter. Defendant's Motion for Summary Judgment is denied without prejudice to the extent that it is based on the contention that Plaintiff cannot establish a *prima facie* employment discrimination case.

**V. Conclusion.**

The Defendant District's Motion for Summary Judgment shall be denied.

An appropriate order follows:

### ORDER

AND NOW, this 7th day of December, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion Summary Judgment [ECF No. 19] is hereby DENIED.

It is further hereby ORDERED, ADJUDGED, and DECREED that the parties shall continue the mediation of this case and said mediation shall be concluded no later than February 1, 2016.

It is further hereby ORDERED, ADJUDGED, and DECREED that:

1. The parties shall complete fact discovery on or before April 1, 2016. All interrogatories, depositions, requests for admissions and requests for production shall be served with sufficient time to allow responses to be completed prior to the close of discovery.

2. Procedures Following Inadvertent Disclosure ("Clawback"): Pursuant to Local Rule LCvR 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

**(a)** The producing party shall promptly notify all receiving parties of the inadvertent production of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

**(b)** Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

**(c)** If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30 days of the notice set forth in subparagraph (a). Nothing herein shall be construed to prevent a receiving party from moving the court for a resolution, but such motion must be made within the 30-day period.

### 3. The parties have elected to have a post-discovery status conference following the completion of fact discovery.

Counsel **shall** contact the court to schedule the post-discovery conference within one week of the close of fact [~~expert~~] discovery. At this conference the Court will address:

(a) possibility of settlement;
(b) dates for the completion of expert discovery and expert reports; should be completed;
(c) dates by which dispositive motions should be filed and responded to;
(d) dates by which the parties' pre-trial statements should be filed;
(e) dates by which motions in limine should be filed and responded to;
(f) date for the final pre-trial conference; and
(g) trial dates.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior United States District Court Judge

10